■ In the Matter of LEWIS TREE SERVICE, INC., Respondent, v FIRE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants, and MAINTENANCE BY STAFELL, INC., Respondent. — Order and judgment (one paper) of the Supreme Court, New York County (Alvin F. Klein, J.), entered April 2, 1984, which granted the petition pursuant to CPLR article 78 to annul the determination of respondent Fire Department of the City of New York, directed that petitioner be permitted to bid on public work and denied respondents-appellants' cross motion to dismiss the petition, is unanimously reversed, on the law and respondents-appellants' cross motion to dismiss the petition granted, without costs or disbursements.

Petitioner Lewis Tree Service, Inc., received two notifications, dated February 18, 1982, directing it to appear for a hearing to determine whether it had violated the prevailing wage provisions of section 220 of the Labor Law. Apparently for procedural convenience, one hearing was conducted for alleged violations under two separate contracts with the New York City Housing Authority. Subsequently, in an order and determination issued on March 31, 1983, the Comptroller of the City of New York found that petitioner had willfully violated the Labor Law by twice failing to pay the prevailing wage rate and not providing required supplemental benefits to its employees in connection with two city contracts. Petitioner, without first seeking review of the Comptroller's decision, nonetheless bid on a New York City Fire Department contract and was rejected despite being the second lowest bidder. (The contract was also not awarded to the company which submitted the lowest bid.) In response to an inquiry by petitioner, the Fire Department explained that the refusal of its bid was statutorily mandated by virtue of the Comptroller's determination. (Labor Law, § 235, subd 7.) Petitioner thereupon, by order to show cause dated August 12, 1983,

commenced the instant proceeding pursuant to CPLR article 78. Although the petition is described as a challenge to the Fire Department's rejection of petitioner's bid, an examination of the petition reveals that the proceeding, in fact, seeks to review and annul the Comptroller's determination of March 31, 1983. Upon the Comptroller's finding that petitioner had twice willfully violated the Labor Law, the petitioner was automatically precluded by subdivision 7 of section 235 of the Labor Law from being awarded a public building service contract for a period of five years. The Fire Department had no option but to give effect to the statutory mandate.

Petitioner's cause of action accrued on March 31, 1983 when the Comptroller concluded that it had willfully violated the Labor Law on two occasions. Petitioner's ineligibility to bid on the Fire Department contract was merely a consequence of that determination. To hold otherwise would, in effect, enable a party to avoid the operation of the Statute of Limitations by the simple expedient of submitting another bid on a public contract. The Statute of Limitations would thus presumably begin to run again with the latest bid, and the aggrieved company would have an opportunity any time during the five-year term of its disqualification to attack the administrative determination made with respect to section 220 of the Labor Law. Such a result would clearly defeat the intent of the Statute of Limitations. In that regard, CPLR 217 provides for a four-month limitation period for article 78 proceedings unless a shorter time is authorized by law. According to subdivision 5 of section 235 of the Labor Law, review proceedings to challenge an administrative order such as the one at issue here must be commenced within 30 days of the date that that order was filed in the office of the fiscal officer. Since the present article 78 proceeding was initiated on August 12, 1983, it is barred by both the 30-day Statute of Limitations contained in subdivision 5 of section 235 of the Labor Law and the four-month period of CPLR 217. Therefore, Special Term should have granted respondents' cross motion to dismiss the petition as time barred. Concur — Sandler, J. P., Sullivan, Silverman and Milonas, JJ.